[No. 10,037.]

## Ex Parte JACK BOWEN.

DISCHARGE FROM STATE PRISON ON HABEAS CORPUS.— When a judgment of a County Court for a felony is reversed by the Supreme Court, after the prisoner has been sent to the State Prison in pursuance of his sentence, the refusal of the County Court to order the prisoner to be brought back to the county for a new trial, is no ground for his discharge from custody on habeas corpus.

THE prisoner was brought before the Supreme Court on a writ of habeas corpus.

The other facts are stated in the opinion.

*George W. Tyler*, for Petitioner.

*Attorney General Love, contra.*

By the COURT:

It appears from the return to the writ that the petitioner, Jack Bowen, is held in custody by the Warden of the State Prison, under a commitment from the County Court of Sutter County, on a conviction for grand larceny, and that the term of imprisonment has not yet expired. But it appears the judgment of conviction was reversed by this Court and a new trial ordered, and the petitioner alleges that the remittitur was filed in the County Court more than six months ago, and that on filing it the Court was requested to enter an order directing the Sheriff to bring the accused from the State Prison for trial, which order the Court refused to enter. The refusal of the Court to enter the order is the only ground relied upon as entitling the petitioner to be discharged from custody. But it is clearly insufficient. We cannot review, in this proceeding, the action of the County Court, and determine, on an ex parte application, whether there were or were not sufficient reasons for denying the order, under the circumstances, made to appear to that Court. And if there were no sufficient reasons for denying it, that may afford ground for some appropriate proceeding to compel the Court to correct the error and proceed with the trial, but is clearly no cause why the accused should be discharged from custody.

Ordered that the application be denied and the writ dismissed, and that said Bowen be remanded to the custody of the Warden of the State Prison.